# EXHIBIT A

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **JESSICA SHELBY,**<br><br>Plaintiff,<br><br>vs.<br><br>**USAA INSURANCE CO.,** and/or its unknown business entity and/or subsidiary, a foreign business corporation, ,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT (PERSONAL INJURY, UNINSURED/UNDERINSURED MOTORIST BENEFITS—FOR CLAIM UP TO $423,000)**<br><br>**FILING FEE: $594.00 (ORS 21.160(1)(D)) CLAIM NOT SUBJECT TO MANDATORY ARBITRATION**<br><br>**DEMAND FOR JURY TRIAL** |

**1.**

Due to the amount prayed for herein this claim is not subject to mandatory arbitration.

**2.**

At all times material, Plaintiff JESSICA SHELBY ("Plaintiffs") was a resident of Oregon. At all material times, Plaintiff was operating a motor vehicle in Oregon.

**3.**

At all times material herein, Defendant USAA INSURANCE CO., and/or its/their unknown business entity and/or subsidiary (hereinafter referred to as "Defendant") was and is a foreign business corporation, licensed to do business in the State of Oregon, and which does

conduct regular, sustained business activities in Multnomah County, Oregon. Defendant is registered in the State of Oregon to write insurance policies, and is bound by Oregon laws pertaining to the selling of insurance, handling of insurance claims, and settlement of claims

**4.**

At all times material herein, Defendant sold and maintained insurance policies which covered that vehicle operated by the Plaintiffs at the time of the subject motor vehicle collision. The policy covering that vehicle operated by the Plaintiff at the time of the subject motor vehicle collision, was issued under policy number CIC 024523086 7101. Said policy was in full force and effect on the date of the subject motor vehicle collision and said policy provided, pursuant to statute, that Defendant would pay economic and non-economic damages sustained by the Plaintiff in the event that Plaintiff was involved in a motor vehicle collision with an at-fault driver who was uninsured (Uninsured Motorist Coverage) or under insured (Under Insured Motorist Coverage). Plaintiff paid 100% of the premiums on the above-described policy and at all times complied the terms of the Policy.

**5.**

At all times material herein, Defendant implemented (and continues to implement) a collection of practices designed to undervalue and underpay insurance claims brought by individuals such as Plaintiff. Those practices include:

- Using computer software that relies on preset parameters which systemically undervalue injuries, medical claims, the reasonableness of medical treatment and

billing, future medical billing, property damage values, and non-economic injuries suffered by Defendant's insureds;

- By pushing cases to litigation in which fault is not realistically by refusing to extend reasonable settlement offers or extending offers objectively far below the injuries and losses demonstrated for the claim;
- By unreasonably delaying investigation, settlement, and payment of claims;
- By requiring adjusters to rely on the above-described software tools, the purpose of which is to artificially deflate pay out on valid claims and concomitantly increase Defendant's profits.

**6.**

When Defendant contracted with Plaintiff for the above-described UM/UIM Policy, Defendant failed to disclose its use of computer software and other practices to artificially deflate the value and payout on valid insurance claims. At all times relevant to this Complaint, Defendant knew that its practices for artificially devaluing claims was improper.

**7.**

On or about October 13, 2024, an underinsured motorist was operating a motor vehicle on public roadways in Beaverton, in the state of Oregon. The driver was not keeping a proper lookout, and as the vehicle in which Plaintiff was a passenger lawfully stopped at a controlled intersection, the uninsured/underinsured driver rear-ended Plaintiffs vehicle, causing injuries to Plaintiffs.

**8.**

This collision was caused by the negligence and/or recklessness of the uninsured/underinsured driver.

**9.**

This collision caused Plaintiff to sustain injuries and damages, which are alleged herein. These injuries and damages were reasonably foreseeable.

**10.**

The uninsured/underinsured driver was negligent in one or more of the following particulars, each of which created a foreseeable and unreasonable risk of injury to Plaintiff:

(a) In failing to keep a proper lookout; and attempting to turn in front of Plaintiff whose vehicle was keeping a proper lane;

(b) In failing to keep the car under proper control;

(c) In failing to drive at a speed that is reasonable and prudent under the circumstances; and

(d) In failing to stop short of, or otherwise take evasive maneuvers, to avoid colliding with Plaintiff.

**11.**

As a result of the underinsured driver's negligence, Plaintiff s initially sustained the following injuries and noneconomic damages, all of which were reasonably foreseeable and some of which may be permanent:

(a) Damage to the back, neck,

(b) Pain, discomfort, and suffering; and

(c) Inconvenience and interference with usual and everyday activities, apart from gainful employment;

All to Plaintiff's noneconomic damage in an amount determined by the jury to be fair and reasonable, but not to exceed the sum of **$500,000.**

**12.**

As a result of the underinsured driver, Plaintiff sustained the following economic damages, all of which were reasonably foreseeable:

(a) Reasonable and necessary medical expenses to date in the approximate sum of **$53,000**;

(b) Reasonable and necessary future medical expenses anticipated to amount to approximately **$100,000**;

All to Plaintiff's economic damages in an amount determined by the jury to be fair and reasonable, as outlined above.

**13.**

Liability was never in question here. The underinsured driver steered his car directly into Plaintiffs' lane, causing the collision.

**14.**

Proof of loss for Personal Injury Protection and for an Underinsured Motorist claim was timely submitted to Defendant.

**15.**

The third-party claims brought by Plaintiff and the other vehicle occupants against the liable driver were settled for policy limits after permission was granted by Defendant to accept the policy limit offer. The liable driver's insurance policy was not sufficient to compensate Plaintiff for the extensive injuries she suffered in the collision.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT -UIM CONTRACTUAL BENEFITS UNDER POLICY

**16.**

In accordance with the terms and conditions provided under the previously-described policy of insurance issued by Defendant, as well as pursuant to the provisions of ORS 742.500, 742.502, and 742.504, Defendant was required to satisfy claims for uninsured/underinsured motorist (UM) benefits for Plaintiff.

**17.**

Plaintiff has performed all terms and conditions required of them under the policies previously issued by Defendant.

**18.**

As a direct and proximate result of the negligence of the liable driver, as aforementioned, the Plaintiff had sustained the aforementioned serious injuries and damages and is entitled to satisfaction of those damages by Defendant for economic and non-economic losses.

**19.**

As a further result of the above-described negligence as alleged herein, Plaintiff suffered pain, mental suffering, emotional distress, discomfort, inconvenience, and interference with Plaintiff's normal and usual activities all to their non-economic damage in the amounts set forth above.

**20.**

The Policy provides $300,000/$500,000 per occurrence in underinsured/uninsured ("UIM/UM") coverage.

**21.**

Plaintiff was and is entitled to UM/UIM benefits under the Policy to the extent that their damages exceed the automobile liability insurance recovered from the at-fault driver.

**22.**

Despite an unequivocal demand to pay UM benefits, Defendant has refused to pay reasonable UM/UIM benefits and breached its obligation to pay UM benefits under the Policy.

**23.**

In accordance with the terms and conditions provided under the previously described polices of insurance issued by Defendant, as well as pursuant to the provision of ORS 742.500, 742.504, and 742.504, Defendant was required to satisfy claims for UM/UIM benefits for Plaintiff.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT -UNFAIR INSURANCE PRACTICES, NEGLIGENT CLAIMS HANDLING, EMOTIONAL DISTRESS**

**24.**

It has been necessary for Plaintiff to retain the services of an attorney in order to initiate and maintain the above-entitled legal action. Pursuant to ORS 742.061, Plaintiff is entitled to the reasonable attorney fees, costs, and other expenses incurred in bringing and prosecuting this action.

Additionally, Defendant, as insurer, acted negligently in failing to properly investigate and promptly settle Plaintiff's claim. Defendant here contracted directly with Plaintiff or for Plaintiff's benefit to provide uninsured motorist coverage to in the event that she suffered a loss caused by an uninsured motorist. Such losses typically include property damage, physical injuries, pain and suffering, and other stressors and setbacks. UM/UIM coverage exists to ameliorate such losses. Defendant was aware of the purposes of the UM/UIM coverage Defendant contracted to provide

Plaintiff, and Defendant was aware of Plaintiff's identity and of their entitlement to reasonable treatment from Defendant.

**25.**

It was reasonably foreseeable that, absent reasonable care by Defendant, Plaintiff would suffer emotional harm. In particular, the UM/UIM coverage Defendant pledged to provide is supposed to prevent or curtail the prolonged emotional and physical toll resulting from an automobile accident for which the original tortfeasor is not capable of providing compensation for the injuries caused. Indeed, in this case, Plaintiff has suffered severe psychological and emotional harm because of Defendant's refusal to act reasonably to settle their claims.

**26.**

Rather than act reasonably, Defendant has prolonged the litigation in this matter, refused to settle on reasonable terms based on the available evidence, and has obligated Plaintiff to pursue litigation in order to receive relief. Defendant has been negligent in reviewing and processing Plaintiff's UM/UIM claims. Defendant had a duty to review and process her claim in a reasonable and prompt fashion, but failed to do so. Rather, Defendant negligently handled the claim and caused damage, including emotional distress damages, to Plaintiff.

**27.**

ORS 746.230 prohibits various unfair insurance practices, including failing to pay claims without conducting a reasonable investigation based on all available information. Here Defendant had information demonstrating Plaintiff's injuries, but has unreasonably chosen to force protracted litigation. Defendant's conduct with respect to this claim has caused Plaintiff to incur further damages, the amount of which will be determined by a jury.

//////

//////

**WHEREFORE**, Plaintiff prays for judgment against Defendant for combined noneconomic damages in an amount determined by the jury to be fair and reasonable, in the sum of at least **$500,000**; for economic damages in an amount to be determined by a jury, at least in the amount of **$153,000**, costs and disbursements incurred herein; for reasonable attorney fees and costs pursuant to ORS 742.061, and for any other relief the Court deems appropriate.

Dated: September 9, 2026.

PORTLAND LEGAL GROUP

/s/ Jack Mkhitarian
Hakop Jack Mkhitarian
Oregon State Bar No.: 213122
Marshall J. Ray
Oregon State Bar No. 232611
9818 East Burnsides Street,
Portland Oregon, 97216
503-902-4260
Email: jack@legalgroup.email

*Attorneys for Plaintiff*